UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID A. KURZDORFER,

                Plaintiff,

                                               **DECISION AND ORDER**
      v.                                               12-CV-781-A

GEICO General Insurance Company,
and GEICO Indemnity Company,

                Defendants.

---

This insurance coverage dispute involves claims by the plaintiff, David A. Kurzdorfer, for supplementary benefits under two insurance policies for injuries he suffered in an car accident. The case was removed from state court pursuant to 28 U.S.C. § 1441, *et seq.,* and is pending on diversity jurisdiction under 28 U.S.C. § 1332.

The case is before the Court on motions by defendants GEICO General Insurance Company and GEICO Indemnity Company pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss claims brought by plaintiff Kurzdorfer alleging that defendants breached implied covenants of good faith and fair dealing in their insurance policies. Defendants argue that plaintiff's claims fail to state claims upon which relief can be granted under New York law because they merely duplicate plaintiff's breach of contract causes of action. For the reasons stated below, defendants' motions to dismiss plaintiff's claims for breaches of covenants of good faith and fair dealing are granted, without prejudice.

# BACKGROUND[1]

This action arises from a December 30, 2009 car accident in Lawton, Oklahoma. A car owned by plaintiff Kurzdorfer was being driven by Judith A. Lovell, a non-party to the action, with plaintiff's permission, when the car was struck by another vehicle while stopped at a red light. Plaintiff was a passenger in his car at the time of the accident and was injured.

Plaintiff Kurzdofer and Ms. Lovell are each named insureds under auto insurance policies issued to them by defendants GEICO General Insurance Company and GEICO Indemnity Company, respectively. Plaintiff has claimed benefits under the two insurance policies for bodily-injury benefits that have not been paid.

In his complaint, plaintiff Kurzdorfer sues defendants GEICO General Insurance Company and GEICO Indemnity Company for breach of contract for failing to pay bodily-injury benefits under so-called Supplementary Uninsured/ Underinsured ("SUM") provisions in each of plaintiff's and Ms. Lovell's insurance policies because benefits are not payable within the policy limits of an insurance policy of the other driver. Plaintiff seeks bodily-injury benefits he alleges he is entitled to receive under the SUM provisions of the policies. Plaintiff also sues the defendant insurance companies for breaching implied covenants of good faith and fair dealing in their policies by failing to pay him benefits under the SUM provisions

---

[1] The Court assumes all well-pleaded allegations of a complaint are true when deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See infra* p. 3.

of the policies. He seeks punitive damages for the alleged breaches of duties of good faith and fair dealing.

## DISCUSSION

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b), the Court is to assume all well-pleaded allegations in a complaint are true. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Id.* (*quoting Bell Atl. Corp., v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Since this action is pending on diversity-of-citizenship jurisdiction, 28 U.S.C. § 1332(a), state substantive law applies. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996). The Court applies settled New York law as it has been interpreted by New York courts and is required to "carefully predict" how New York courts would rule on any uncertain substantive-law questions. *Runner v. N.Y. Stock Exch., Inc.,* 568 F.3d 383, 386 (2d Cir. 2009) (*quoting The Travelers Ins. Co. v. Carpenter,* 411 F.3d 323, 329 (2d Cir. 2005)).

Settled New York law recognizes a cause of action for an insurer's extra-contractual bad faith upon well-pleaded allegations that: (1) the insurer denied coverage as a result of "gross negligence"; and (2) the insurer lacked even an "arguable" basis for denying coverage under the standards of a reasonable insurer.

3

*Sukup v. State of New York,* 19 N.Y.2d 519 (1967). However, "New York law does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Harris v. Provident Life and Acc. Ins. Co.,* 310 F.3d 73, 81 (2002) (*quotation omitted*).[2] An alleged breach of an implied covenant of good faith and fair dealing is part of a breach of contract cause of action and "is merely a breach of the underlying contract." *Id.* at 80; *see e.g., Makuch v. New York Central Mut. Fire Ins. Co.,* 12 A.D. 3d 1110, 1111 (4th Dep't 2004).

Plaintiff Kurzdorfer's third and fourth causes of action allege defendants GEICO General Insurance Company and GEICO Indemnity Company, respectively, "breached [their] contractual duty of good faith and fair dealing" by failing to pay plaintiff's claims for supplementary bodily-injury benefits. Plaintiff pleads no distinct factual basis for his theory of extra-contractual liability.

Defendants GEICO General Insurance Company and GEICO Indemnity Company move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff's two claims of breach implied covenants of good faith and fair dealing on the ground that the claims duplicate the breach of contract causes of action alleged in plaintiff's first and second cause of action and are therefore invalid under New York law. Because it is settled that New York law does not recognize extra-contractual liability for conduct

---

[2] The Second Circuit has pointed out that New York case law on the requirements of a cause of action for an insurer's bad-faith failure to settle a claim made against an insured does not apply to a cause of action for denial of an insured's claims for benefits to an insurer. *Harris v. Provident Life and Acc. Ins. Co.,* 310 F.3d 73, (2002); *see e.g., Hugo Boss Fashions, Inc. v. Federal Ins. Co.,* 252 F.3d 608, 624-25 (2d Cir. 2001)(applying *Sukup, supra*).

alleged as a breach of contract, *see e.g., New York Univ. v. Continental Ins. Co.,* 87 N.Y. 2d 308, 320 (1995), defendants' motions are granted.

Plaintiff Kurzdorfer relies heavily upon *Medina v. State Farm Mutual Ins. Co.,* 303 A.D.2d 987 (4th Dep't 2003), where the Appellate Division, Fourth Department, reversed a grant of summary judgment dismissing a claim of breach of a duty of good faith and fair dealing involving a SUM endorsement so that pretrial discovery on the claim could proceed. *Id.* at 989. In that case, however, the "practices and procedures followed by the defendant" insurance company were properly at issue under the procedural standards applicable in the state trial court. *Id.* Here, because plaintiff alleges no facts allowing the Court to draw a reasonable inference that defendants face extra-contractual liability, plaintiff's claims for bad faith fail to state a claim upon which relief can be granted. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff Kurzdorfer's third and fourth claims fail to state a cause of action simply because plaintiff alleges no facts to support a cause of action for extra-contractual bad faith distinct from the facts underlying his breach of contract causes of action. The claims are dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

The Court recognizes that plaintiff Kurzdorfer correctly argues that a plaintiff need not necessarily allege a totally independent tort against an insurer to state a cause of action for extra-contractual bad faith. *See e.g., Sukup v. State of New York,* 19 N.Y.2d 519 (1967). The Court does not reach the distinct question whether plaintiff must do so to seek punitive damages, however, since plaintiff's claims for punitive damages rest entirely upon his invalid claims of breaches of implied

contractual duties of good faith and fair dealing.

## CONCLUSION

For the reasons stated above, the motions of defendants GEICO General Insurance Company and GEICO Indemnity Company pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff David A. Kurzdorfer's third and fourth causes of action for breaches of implied covenants of good faith and fair dealing are granted, without prejudice. The Court deemed defendants' motions submitted without oral argument pursuant to Fed. R. Civ. P. 78(b) after carefully considering all of the parties' arguments and concluding that argument was unnecessary.[3]


SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: February 4, 2013

---

[3] The action will be referred to a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) for further proceedings and the parties are directed pursuant to Fed. R. Civ. P. 12(h)(3) to confirm with the Magistrate Judge to whom the case is assigned whether any other persons are required to be joined as parties under the provisions of Fed. R. Civ. 19 and whether joinder is feasible without depriving the Court of complete diversity of citizenship.