UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JUDITH A. LOVELL,
ROBERT LOVELL,

               Plaintiffs,

v.

GEICO GENERAL INSURANCE COMPANY,
GEICO INDEMNITY COMPANY,

               Defendants.

DECISION AND ORDER

12-CV-00546V

---

DAVID A. KURZDORFER,

               Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,
GEICO INDEMNITY COMPANY,

               Defendants.

12-CV-00781V

---

## Background

On December 30, 2009, Judith Lovell, Robert Lovell, and David Kurzdorfer—all New York residents—were traveling in Kurzdorfer's vehicle through Lawton, Oklahoma. While Judith Lovell was driving, the vehicle was rear-ended by a vehicle owned and operated by Frederick Perkins IV. All three occupants of Kurzdorfer's vehicle were injured, and all three brought, and eventually settled, claims against Perkins.

1

Perkins had liability coverage of only $50,000 per occurrence,[1] and the Lovells and Kurzdorfer all suffered significant injuries, so they turned to the Supplemental Uninsured/Underinsured Motorist ("SUM") coverage in their own automobile insurance policies, both issued by GEICO.[2] Because the Lovell and Kurzdorfer policies were issued in New York, a state with a non-stacking condition for available SUM coverage, only the greater of the available SUM coverages—coverage under Kurzdorfer's policy—is available.

The Lovells and Kurzdorfer separately sued GEICO in New York State Supreme Court; the Lovells brought their action in Wyoming County, and Kurzdorfer brought his action in Erie County. The lawsuits alleged that "the cumulative injuries and damages sustained by all three plaintiffs in these two actions have the potential to far exceed the available coverage under the . . . Geico policies." *Kurzdorfer* Docket Item 28; *see also Lovell* Docket Item 27. The defendants then removed both actions to the United States District Court for the Western District of New York, where both were assigned to Hon. Richard J. Arcara. *Lovell* Docket Item 1; *Kurzdorfer* Docket Item 1. Judge Arcara referred both actions to United States Magistrate Judge Jeremiah J. McCarthy for all pretrial matters,[3] including those that a magistrate judge may hear and determine, *see* 28 U.S.C. § 636(b)(1)(A), and those that a magistrate judge may hear and thereafter file

---

[1] Kurzdorfer received $25,000 from the settlement, and the Lovells split the remaining $25,000.

[2] More specifically, the Kurzdorfer policy was issued by GEICO General Insurance Company, and the Lovell policy was issued by GEICO Indemnity Company. But, as the caption notes, all plaintiffs sued both GEICO entities.

[3] The Lovell action was referred to Judge McCarthy on July 13, 2012, and the Kurzdorfer action on February 4, 2013.

2

...
a report and recommendation, see 28 U.S.C. § 636(b)(1)(B). *Lovell* Docket Item 8; *Kurzdorfer* Docket Item 14.

After Judge McCarthy returned the cases to Judge Arcara, Judge Arcara questioned whether the Lovells and Kurzdorfer were necessary or indispensable parties to each other's claims under Rule 19 of the Federal Rules of Civil Procedure, and, if so, whether the necessary joinder would defeat complete diversity and deprive the Court of subject-matter jurisdiction.[4] *See Lovell* Docket Item 16; *Kurzdorfer* Docket Item 20. He then returned both cases to Judge McCarthy to consider the Rule 19 issue. *Lovell* Docket Item 22; *Kurzdorfer* Docket Item 22.

Although the two actions were not formally consolidated, Judge McCarthy coordinated them for purposes of pretrial proceedings.[5] On July 11, 2014, Judge McCarthy issued a Report and Recommendation (*Lovell* Docket Item 32; *Kurzdorfer* Docket Item 30), in which he recommended denying the plaintiffs' motions to dismiss the actions for lack of subject-matter jurisdiction. *Lovell* Docket Items 27, 30; *Kurzdorfer* Docket Item 28. After the plaintiffs in both actions objected to Judge McCarthy's Report and Recommendation and the defendants responded, *Lovell* Docket Items 31, 33; *Kurzdorfer* Docket Items 29, 31, this case was transferred to the undersigned on March

---

[4] The Court may consider the issue of indispensable parties even when not raised by the parties. *See MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 382-83 (2d Cir. 2006) ("Because Rule 19 protects the rights of an absentee party, both trial courts and appellate courts may consider this issue sua sponte even if it is not raised by the parties to the action."); *see also Manway Const. Co. v. Hous. Auth. of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory.").

[5] The procedural history of each case has differed slightly from the other in ways not relevant to the issue at bar. For purposes of this motion, the Court treats both cases as the same.

3

7, 2016. *See Lovell* Docket Item 37; *Kurzdorfer* Docket Item 35. On April 5, 2016, this Court heard oral argument on the plaintiffs' objections to the Report and Recommendation. *See Lovell* Docket Item 41; *Kurzdorfer* Docket Item 40.

## Discussion

I. **Standard Of Review**

A district judge may accept, reject, or modify, in whole or in part, the findings or recommendation of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). In doing so, the district judge must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which an objection is raised. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has reviewed Judge McCarthy's Report and Recommendation, *de novo*, in light of both the plaintiffs' objections and the defendants' response. Based on that review and on the oral argument, the Court adopts Judge McCarthy's recommendation and denies the plaintiffs' motions to dismiss.

II. **Rule 19 Standard**

Under Rule 19(a)(1):

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or

4

>(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). If a party required under (A) or (B) cannot be joined—for example, if the required party would defeat diversity of citizenship and thereby deprive the court of jurisdiction—the court then must determine whether the party is truly indispensable: that is, "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). Four factors guide the court's analysis:

>(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
>(2) the extent to which any prejudice could be lessened or avoided by:
>(A) protective provisions in the judgment;
>(B) shaping the relief; or
>(C) other measures;
>
>(3) whether a judgment rendered in the person's absence would be adequate; and
>
>(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

In practice, analyzing joinder under Rule 19 has up to three steps. *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 666 (6th Cir. 2004); *see also* 4 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 19.02[3][a] (3d ed. 2003) ("The compulsory party joinder inquiry is a three-step process."). First, "the court must determine whether a nonparty *should* be joined under Rule 19(a)." *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005) (emphasis added) (internal quotation marks and alterations omitted) (defining "necessary" parties as "persons to be joined if feasible"); *see also Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 867

5

n.5 (9th Cir. 2004) (alterations omitted) (explaining that the term "necessary" is a "term of art in Rule 19 jurisprudence"). Second, if the court finds that an absent person should be joined, it "must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction." *Glancy*, 373 F.3d 656, 666. Third, if the absent person should be joined but cannot be joined, the court looks to Rule 19(b) to assess "whether the case can proceed without the absentee, or whether the absentee is an 'indispensable party' such that the action must be dismissed." *Peabody*, 400 F.3d at 779.

III.   **Rule 19 Analysis**

   A. <u>The Lovells and Kurzdorfer are not necessary to each other's actions under Rule 19(a)(1).</u>

      1. *Complete Relief Under Rule 19(a)(1)(A)*

The party seeking relief under Rule 19 "has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." *M.O.C.H.A. Soc'y, Inc. v. City of Buffalo*, 223 F.R.D. 103, 105-06 (W.D.N.Y. 2004). Here, the plaintiffs have not met their burden of showing that without each other, the court will be unable to "accord complete relief among existing parties" in either action. *See* Fed. R. Civ. P. 19(a)(1)(A).

As Judge McCarthy noted, "the term complete relief refers only to relief as between the persons already parties, and not as between a party and the absent person whose joinder is sought." *See Lovell* Docket Item 32; *Kurzdorfer* Docket Item 30 (quoting *Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 209 (2d Cir. 1985)). Here, in the Kurzdorfer action, this Court can indeed "accord complete relief" as between Kurzdorfer and GEICO. The same is true with respect to the Lovells

6

and GEICO in the Lovell action.  And the fact that there is a single GEICO "pot" of money available to all three claimants does not change that.  *Cf. In re Sept. 11 Litig.*, 723 F. Supp. 2d 534, 542 (S.D.N.Y. 2010), *aff'd sub nom. In re Sept. 11 Prop. Damage Litig.*, 650 F.3d 145 (2d Cir. 2011) ("[A]n insurer has discretion to settle one or more claims against it even if doing so may jeopardize the ability of later recovering or settling plaintiffs to collect on their claims, as long as the insurer does so in good faith and there are no statutory prohibitions against such settlements.").

For that reason, Kurzdorfer and the Lovells have not met his or their burden of showing that the other is a necessary party in each of their respective actions under Rule 19(a)(1)(A).

2. *Related Interest Under Rule 19(a)(1)(B)*

Similarly, neither Kurzdorfer nor the Lovells have met his or their burden of demonstrating a legally protected interest in each other's lawsuit.  For that reason, neither is a necessary party under Rule 19(a)(1)(B).

Again, as Judge McCarthy correctly observed, for a person or entity to be a necessary party under Rule 19(a)(1)(B), the person or entity must have a legally protected interest in the subject matter of the litigation.  *Lovell* Docket Item 32; *Kurzdorfer* Docket Item 30; *see also ConnTech Dev. Co. v. Univ. of Conn. Educ. Props., Inc.*, 102 F.3d 677, 682-83 (2d Cir. 1996).  "The interest must be legally protected, not merely a financial interest or interest of convenience." *Caisse Nationale de Credit Agricole v. Bank of Tokyo-Mitsubishi Tr. Co.*, 1997 WL 282274, at *3 (S.D.N.Y. May 28, 1997); MOORE'S FEDERAL PRACTICE §19.03[3][b].  Stated another way, the "absentee must have a direct stake in the pending litigation." *Chao v. Peabody Coal Co.*, 2005 WL

7

2218037, at *5 (W.D. Ky. Sept. 13, 2005); MOORE'S FEDERAL PRACTICE §19.03[3][b]; see also Lovell Docket Item 32; Kurzdorfer Docket Item 30.

Here, at its heart, the plaintiffs' claim is simply that the other claimant or claimants might deplete the available insurance coverage and that, if that happens, there will not be enough for each plaintiff. But that does not mean that all claims must be handled in a single lawsuit any more than all those injured in a series of accidents with someone who has a single limit insurance policy would be required to sue together. Cf. Nat'l Liab. & Fire Ins. Co. v. Itzkowitz, 624 F. App'x 758, 760 (2d Cir. 2015) (summary order) (holding that a series of automobile collisions involving the same vehicle constituted three separate "accidents," and that each individual collision could remain a separate action under the insurance policy).

Indeed, if multiple parties are injured in a collision, an insurer can settle with some of the parties and not others even though that would deplete the coverage available to those who do not settle. See In re Sept. 11 Litig., 723 F. Supp. 2d at 542. Thus, under the circumstances here, multiple parties hurt in a single incident do not have legally protected interests in each other's claims. Instead, each has an interest in only his or her own claim. And the fact that the defendants have limited means to pay these claims—or that there is only one pot of insurance money that may not be sufficient to cover all of them—does not change that.

For all these reasons, Judge McCarthy was correct in concluding that the Lovells were not required to be joined in Kurzdorfer's action and vice versa. But even if he were incorrect in reaching that conclusion, the result here would be the same.

### B. Joinder of the Lovells and Kurzdorfer would not deprive this Court of subject-matter jurisdiction.

Even if this Court were to find that the Lovells and Kurzdorfer should be joined in each other's actions, that would not end the inquiry. Before the plaintiffs' motions to dismiss can be granted, step two of the inquiry requires the court to decide whether joinder would deprive the court of subject-matter jurisdiction.

Here, jurisdiction is premised on diversity of citizenship. The Lovells contend that Kurzdorfer must be added to their action as a defendant, and Kurzdorfer contends that the Lovells must be added as defendants to his action. Because the Lovells and Kurzdorfer all are New York residents, the Lovells and Kurzdorfer argue that adding the other as a defendant in an action in which he or they were the plaintiffs would defeat diversity and mandate dismissal.

But dismissal is a "drastic and disfavored remedy." *United States v. Allegheny-Ludlum Indus., Inc.*, 517 F.2d 826, 877 (5th Cir. 1975); *see Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 111-12 (1968) (explaining that Rule 19 requires courts to consider "an alternative to dismissal"). To avoid exercising that "drastic" remedy, courts will disregard "nominal" parties if the addition of a nominal party would deprive the court of diversity jurisdiction. "[A] party is deemed nominal if . . . no cause of action could be stated against [it]." *Zerafa v. Montefiore Hosp. Hous. Co.*, 403 F. Supp. 2d 320, 325 (S.D.N.Y. 2005). Thus, shared citizenship between a plaintiff and a nominal defendant does not mandate dismissal.

Here, with respect to their SUM claims, the Lovells can state no cause of action against Kurzdorfer, and Kurzdorfer has no cause of action against the Lovells. Instead,

they each have a claim against GEICO. At best, they are nominal defendants in each other's actions.

In fact, the most conceptually logical solution to the problem posed by the plaintiffs is to join each other as plaintiffs in a single action—that is, to consolidate the two cases. The Lovells contend that Kurzdorfer must be added as a defendant to their lawsuit, and Kurzdorfer argues that the Lovells must be added as defendants to his. But if any consolidation were needed to address the plaintiffs' shared interest in a limited fund of money, the parties should be joined as co-plaintiffs, not as defendants to each other's actions. Because the current alignment of the parties to these separate but related cases appears correct, and because no plaintiff provides good reason to be added to the other's lawsuit *as a defendant*, the addition of the other would not deprive the court of subject-matter jurisdiction. Whether the parties stay the same, or are added as co-plaintiffs to each other's cases, or the cases are consolidated, or the parties are deemed nominal defendants in each other's cases, the result is the same: the plaintiffs' motions to dismiss should be denied.

### C. Even if the Lovells and Kurzdorfer were necessary parties under Rule 19(a) and cannot be joined, the Rule 19(b) factors permit the case to proceed.

The Court must engage in a Rule 19(b) analysis only if an absent person should, yet cannot, be joined in an action. *Temple v. Synthes Corp.*, 498 U.S. 5, 8 (1990) ("[N]o inquiry under Rule 19(b) is necessary [where] the threshold requirements of Rule 19(a) have not been satisfied."). As discussed above, neither the Lovells nor Kurzdorfer are required parties to each other's actions under Rule 19(a)(1). But even if they were required parties, and even if they could not be joined without defeating diversity, this

Court still would not dismiss the case because the considerations listed in Rule 19(b) would allow the Court to proceed with the existing parties. *See* Fed. R. Civ. P. 19(b).

Rule 19(b) looks to whether a required party is also indispensable—that is, whether the court still can do justice if that party is not present. Fed. R. Civ. P. 19(b) ("If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."). "Whether a person is 'indispensable,' that is, whether a particular lawsuit must be dismissed in the absence of that person, can only be determined in the context of particular litigation." *Provident Tradesmens*, 390 U.S. at 118. Moreover, "[a]s an alternative to dismissal, a court should take a flexible approach when deciding what parties need to be present for a just resolution of the suit." *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 242 (2d Cir. 1987); *see also Provident Tradesmens*, 390 U.S. at 107 (reversing the Court of Appeals and holding that its "inflexible approach" in ordering dismissal under Rule 19 exemplified "the kind of reasoning that the Rule was designed to avoid").

This Court has defined an indispensable party as one who has "an interest of such a nature that a final decree can not be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and . . . good conscience." *Firemen's Fund Ins. Co. v. Crandall Horse Co.*, 47 F. Supp. 78, 80 (W.D.N.Y. 1942). Perhaps the simplest definition of an "indispensable" party is "one without whom the action between the remaining parties *cannot* proceed." *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 132 (2d Cir. 2013) (emphasis added).

11

Here, the Lovells and Kurzdorfer have not met their burden of showing that their interests will be impaired should these cases proceed in federal court without joining each party as a defendant in the other's action. Indeed, neither the Lovells nor Kurzdorfer thought it was necessary—or, presumably, even prudent—to join each other at the outset, but argued that the other was an indispensable and necessary party only when prompted by Judge Arcara and when faced with diversity jurisdiction in this Court. Therefore, the plaintiffs' Rule 19 argument seems little more than an afterthought, adopting Judge Arcara's suggestion as an opportunity to get back to state court.

What is more, Rule 19(b) is designed precisely to avoid the drastic remedy of dismissal even when a party is "required" to be joined but is not subject to joinder because of personal or subject-matter jurisdictional impediments. *Provident Tradesmens*, 390 U.S. at 125 ("Rule 19(b) . . . [is] a valid statement of the criteria for determining whether to proceed or dismiss in the . . . absence of an interested person."). For that reason, a district court should "consider the possibility of shaping relief" under Rule 19(b) to continue the litigation and still ensure justice. *Id.* at 111. The Supreme Court has acknowledged this alternative and recognized that Rule 19 "now makes it explicit that a court should consider modification of a judgment as an alternative to dismissal." *Id.* at 111-12.[6]

This Court has used Rule 19(b) to keep cases in federal court and proceed, with the existing parties and without a "required" party, in ways that promote equity and avoid prejudice. In *Wyoming County v. Erie Lackawanna Railway*, for example, Judge

---

[6] Specifically, the Court noted that equity could have been achieved if payment were withheld pending resolution of the other related suits—especially because the plaintiffs "would accept a limitation of all claims to the amount of the insurance policy." *Id.* at 115-16.

12

Curtin noted that "it is possible that the insurance fund would be exhausted by claims against Wyoming before Midland had had the opportunity to assert its interest in the fund." *Wyoming Cty. v. Erie Lackawanna Ry. Co.*, 360 F. Supp. 1212, 1216 (W.D.N.Y. 1973), *aff'd sub nom. Wyoming Cty. v. Ins. Co. of N. Am.*, 518 F.2d 23 (2d Cir. 1975). But even in light of that possibility, he found that "Midland's interest in the insurance fund could be protected by a provision in the judgment requiring that no payments be made under a policy until Midland had had an opportunity to present its claims against the fund." *Id.* at 1216; *see also Provident Tradesmens,* 390 U.S. at 114-15 (explaining that the possible threat of funds becoming exhausted before all individuals had a chance to assert their interests was "neither large nor unavoidable").

Similarly, this Court can indeed shape these actions or shape the relief to avoid prejudice here. First, counsel for the plaintiffs in both suits already seem to be on the same page: all plaintiffs ultimately seek to ensure a fair and equitable distribution of the limited SUM funds. By coordinating these two actions and considering them together, as Judge McCarthy did at the pretrial phase, or by simply consolidating them, this Court can accomplish that goal. Alternatively, as in *Provident Tradesmens*, this Court could shape relief to promote equity and protect the interests of all three plaintiffs by ordering the parties to present any proposed settlement to the Court before any payments were made from the SUM fund. That option certainly is feasible here, especially because all plaintiffs ask for a fair judgment and because, thus far, the Court has considered the two actions together.

Therefore, if necessary, this Court could continue to coordinate these two actions, or join them, or issue an order protecting the plaintiffs' requests vis a vis each

13

other, so that any judgment would achieve an equitable result. The Court will entertain suggestions from the parties in this regard at or before the next pretrial conference.

## CONCLUSION

The Lovells and Kurzdorfer are not required to be joined in each other's actions under Rule 19(a). Even if they were, their joinder would not defeat diversity jurisdiction. And even if that were not so, this Court still could proceed in the absence of the required parties by fashioning relief under Rule 19(b) to avoid prejudice and ensure an equitable result as an alternative to dismissal.

For the reasons stated above and in the Report and Recommendation (*Lovell* Docket Item 32; *Kurzdorfer* Docket Item 30), the plaintiffs' motions for dismissal of the actions (*Lovell* Docket Items 27, 30; *Kurzdorfer* Docket Item 28) are **DENIED**.

IT IS SO ORDERED.

Dated: July 13, 2016
Buffalo, New York

_____
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE